IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES HALL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No.: 3:16-cv-171

Magistrate Judge Michael J. Newman
(Consent Case)

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT ("EAJA") (DOC. 17); AND (2) AWARDING EAJA FEES IN THE AMOUNT OF $5,065.00**

This consent case is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting attorney's fees in the amount of $5,065.00. Doc. 17. The Commissioner filed a memorandum in opposition to Plaintiff's motion. Doc. 18. Plaintiff filed a reply. Doc. 19. The undersigned has carefully considered all of these documents, including the attachments thereto, and Plaintiff's motion for attorney's fees is now ripe for decision.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

Here, Plaintiff is the prevailing party for EAJA purposes. Having found the Commissioner's position concerning the ALJ's analysis of Edward Clack, D.O.'s opinion was not substantially justified, *see* doc. 12 at PageID 1136-67, Plaintiff is therefore entitled to an award of attorney's fees under EAJA. *See Shalala*, 509 U.S. at 301-02.

Plaintiff's counsel advises the Court that he worked 31.10 hours on this case. Doc. 17-1 at PageID 1163-64. At the requested amount of $5,065.00, this calculates as $162.86 per hour, an hourly rate this Court has previously found reasonable for Plaintiff's attorney. *See Blair v. Comm'r of Soc. Sec.*, No. 3:13-cv-105, 2015 U.S. Dist. LEXIS 11903, at *1 (S.D. Ohio Feb. 2, 2015); *Kash v. Astrue*, No. 3:11-cv-44, 2012 U.S. Dist. LEXIS 106215, at *1 (S.D. Ohio July 31, 2012); *Lambert v. Astrue*, No. 3:10-cv-435, 2012 U.S. Dist. LEXIS 95628, at *1 (S.D. Ohio July 11, 2012). Having reviewed the time sheet entries submitted by Plaintiff's counsel, taking into account the nature of the work counsel performed in this case, and considering the Commissioner's arguments regarding clerical work and the number of hours spent on various tasks, the Court finds both the hourly fee and the time expended reasonable. Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $5,065.00.

Based upon the foregoing: (1) Plaintiff's motion for an EAJA fee award (doc. 17) is **GRANTED**; and (2) Plaintiff is **AWARDED** the sum of $ 5,065.00 in EAJA fees. As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date:  April 18, 2018          s/ Michael J. Newman
                                                          Michael J. Newman
                                                          United States Magistrate Judge